IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brandon D. Hawkins Sr., | C/A No.: 1:14-2037-MGL-SVH |
| Plaintiff, | |
| vs. | |
| | REPORT AND RECOMMENDATION |
| USP Warden J.C. Holland; Case Manager Ms. Jamenson; and Counselor Mr. Lawson, | FOR TRANSFER |
| Defendants. | |

Plaintiff Brandon D. Hawkins Sr., proceeding pro se, is a federal prisoner housed in the United States Penitentiary McCreary (USP McCreary) in Pine Knot, Kentucky. Plaintiff alleges that Warden J.C. Holland, Case Manager Ms. Jamenson, and Counselor Mr. Lawson ("Defendants") violated his constitutional rights under the Sixth, Eighth, Tenth, and Fourteenth Amendments. [Entry #1 at 4–5]. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge transfer this case to the United States District Court for the Eastern District of Kentucky.

I.     Factual and Procedural Background

Plaintiff alleges that that he cooperated with the government in his criminal matter and is therefore the target of threats by other inmates.[1] [Entry #1 at 3]. Plaintiff claims he

---

[1] The court takes judicial notice that Plaintiff's criminal matter, Case No. 3:12-cr-513-JFA, was handled in this district. A district court may take judicial notice of materials in the court's own files from prior proceedings. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236,

informed prison officials about his safety concerns upon his arrival at USP McCreary, and despite the knowledge that Plaintiff is unsafe in general population, that Defendants tried to make him go "out on the compound." *Id.* Plaintiff contends that he was forced to check into the solitary housing unit or face physical consequences from other inmates. *Id.* Plaintiff argues that he has been threatened by other inmates and although he gave these inmates' names to Warden Holland and several lieutenants, nothing was done. *Id.* Plaintiff seeks a transfer to another prison and monetary damages. *Id.* at 5.

II.     Discussion

    A.     Standard of Review

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

---

1239 (4th Cir. 1989) (noting that the most frequent use of judicial notice is in noticing the content of court records); *Fletcher v. Bryan*, 175 F.2d 716, 717 (4th Cir. 1949).

B.   Analysis

Because Plaintiff brings this suit against federal correctional officers, his constitutional claims are evaluated under *Bivens*. *Bivens* is the case establishing, as a general proposition, that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits. *Carlson v. Green*, 446 U.S. 14, 18 (1980); *see also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006).[2] A *Bivens* action may be brought in a judicial district where any defendant resides, "if all defendants are residents of the State in which the district is located," or the judicial district in which "a substantial part of the events or omissions giving rise to the claims occurred." 28 U.S.C. § 1391(b)(1)(2).

Plaintiff alleges constitutional violations at a Kentucky federal prison by Defendants who are purportedly Kentucky federal actors. [Entry #1 at 2–3]. Venue is not appropriate in the District of South Carolina, because it has no connection to Plaintiff's claims or Defendants. *See* 28 U.S.C. § 1391(b) (providing that venue is proper in a judicial district in which any defendant resides or in which a substantial part of the events giving rise to the claims occurred). Rather, the appropriate venue in this case appears to be the United States District Court for the Eastern District of Kentucky, because it is the judicial district in which the events giving rise to the claim allegedly occurred, and where Defendants are located. *Id.*

---

[2] A *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983. Therefore, case law involving § 1983 claims is applicable in *Bivens* actions, and vice versa. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814–20, n. 30 (1982).

Pursuant to 28 U.S.C. § 1404(a), a court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." Additionally, a district court has the power to dismiss an action, or if it is in the interest of justice, transfer an action if venue is improper in the transferor court. *See* 28 U.S.C. § 1406(a). A court need not have personal jurisdiction over a defendant to transfer a case pursuant to 28 U.S.C. §§ 1404(a) or 1406(a), *see Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962); *O'Neal v. Hicks Brokerage Co.*, 537 F.2d 1266, 1268 (4th Cir. 1976), and questions regarding transfer are committed to the sound discretion of the district court. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Brock v. Entre Computer Ctrs., Inc.*, 933 F.2d 1253, 1257 (4th Cir. 1991).

As indicated above, venue in this district is improper; however, the instant case could have been brought in the Eastern District of Kentucky, where Defendants are located, where the acts giving rise to this case allegedly occurred, and where records and other evidence relevant to this action are presumably maintained. *See* 28 U.S.C. § 1391. Therefore, in the interest of justice, the undersigned recommends transfer of this case to the Eastern District of Kentucky.

III.    Conclusion and Recommendation

For the foregoing reasons, it is recommended that this case be transferred to the United States District Court for the Eastern District of Kentucky.

IT IS SO RECOMMENDED.

May 29, 2014                                                    Shiva V. Hodges
Columbia, South Carolina                             United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).